# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | Case No. 1:04CR00094 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| SAL NIE AYUN, | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Brian J. Beck, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

Sal Nie Ayun, a federal inmate previously sentenced by this court following conviction of possession of a firearm after having been convicted of a felony, has filed a motion under 28 U.S.C. § 2255, contending that his enhanced sentence under the provisions of the Armed Career Criminal Act ("ACCA"), 18 U.S.C.A. § 924(e), is invalid. For the reasons that follow, I will deny the motion.

## I

Ayun entered a guilty plea pursuant to a written Plea Agreement to an Indictment charging him with possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). Prior to his sentencing, a probation officer prepared a Presentence Investigation Report ("PSR") recommending that Ayun receive an enhanced sentence under the provisions of the

Armed Career Criminal Act, 18 U.S.C. § 924(e), based upon his prior North Carolina convictions of eleven felony crimes of breaking and entering. No objections were filed to the PSR and on June 1, 2005, Ayun was sentenced under the ACCA to fifteen years imprisonment. There was no appeal.

On August 12, 2015, Ayun filed a pro se motion pursuant to 28 U.S.C. § 2255, seeking to have his sentence vacated based upon the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (June 26, 2015). On August 31, 2015, the court appointed the Federal Public Defender for this district to represent Ayun in connection with the motion. On November 4, 2015, the Federal Public Defender filed a supplemental and amended § 2255 motion. In response, the United States moved to dismiss.

The issues have been fully briefed and orally argued and are ripe for decision.

## II

The ACCA provides for a mandatory minimum sentence of fifteen years for defendants convicted under 18 U.S.C. § 922(g) if they have "three previous convictions by any court . . . for a violent felony or serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Prior to *Johnson*, the term "violent felony" was defined as

any crime punishable by imprisonment for a term exceeding one year . . . that —

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). The first clause is referred to as the "force clause." The first portion of the second clause, which includes the crime of burglary, is known as the "enumerated crime clause." The second portion of that clause ("or otherwise involves conduct that presents a serious potential risk of physical injury to another") is called the "residual clause" and was found to be unconstitutionally vague in *Johnson*. The force and enumerated crime clauses were untouched by *Johnson*.

In *Taylor v. United States*, 495 U.S. 575, 598 (1990), the Supreme Court held that the word "burglary" as used in the ACCA meant a felony crime that had the elements of "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." This generic definition, the Court noted, excluded various state crimes that were called burglaries, but involved a place other than a building or structure, such as an automobile, or a "'booth or tent, or any boat or vessel, or railroad car.'" *Id.* at 599 (referring to Missouri burglary statute).

The United States has moved to dismiss Ayun's § 2255 motion, contending that "*Johnson v. United States* is not a springboard from which to launch a reconsideration of every Armed Career Criminal determination." (United States' Mot. to Dismiss 4.) Accordingly, it contends that Ayun's motion is barred by the applicable statute of limitations, since it was not filed within one year of the date his conviction became final. *See* 28 U.S.C. § 2255(f)(1). In response, Ayun points out that the record does not show whether the sentencing court treated Ayun's burglary convictions under the residual clause or the enumerated crime clause of the ACCA, and thus *Johnson* is applicable and because that case established a new constitutional right made retroactive on collateral review, the statute of limitations is extended pursuant to 28 U.S.C. § 2255(f)(3) and is not a bar to Ayun's motion.

Ayun asserts that his burglary convictions are invalid ACCA predicates based upon *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Mathis v. United States*, 136 S. Ct. 2243 (2016), in that the North Carolina statute is broader than the generic burglary of the enumerated crime clause and because the statute is not divisible, meaning that it lists "multiple, alternative means of satisfying one (or more) of its elements." *Mathis,* 136 S. Ct. at 2248.[1]

---

[1] The North Carolina statute applicable to Ayun's convictions, N.C. Gen. Stat. § 14-54 (effective 1994-2013), provided as follows:

> (a) Any person who breaks or enters any building with intent to commit any felony or larceny therein shall be punished as a Class H felon.

-4-

It is not necessary for me to resolve the government's statute of limitations argument, since I agree with its alternative argument that the North Carolina burglary statute under which Ayun was convicted does in fact correspond to a generic burglary within the meaning of *Taylor*. The Fourth Circuit has so held, *United States v. Mungro*, 754 F.3d 267, 272 (4th Cir. 2014), and nothing in *Descamps* or *Mathis* causes me to doubt of the continuing validity of the Fourth Circuit's ruling. *See United States v. Jones*, No. 15-4745, 2016 WL 5682559, at *1 (4th Cir. Oct. 3, 2016) (unpublished) (holding that *Mungro* forecloses argument that North Carolina breaking and entering convictions do not qualify as predicate offenses under the ACCA); *Sutton v. United States*, Nos. 4:10-CR-96-FL, 4:14-CV-224-FL, 2016 WL 5462814, at *2 (E.D.N.C. Sept. 29, 2016) (pointing out that following *Descamps*, the Fourth Circuit in *Mungro* found that North Carolina

---

(b) Any person who wrongfully breaks or enters any building is guilty of a misdemeanor and is punishable under G.S. 14-3(a).

(c) As used in this section, "building" shall be construed to include any dwelling, dwelling house, uninhabited house, building under construction, building within the curtilage of a dwelling house, and any other structure designed to house or secure within it any activity or property.

The statute was amended effective in 2013 to add a subsection making it a felony to break and enter a building with intent to terrorize or injure. 2013 N.C. Sess. Laws 2013-95.

breaking and entering convictions qualified as predicate offenses under the ACCA).

Ayun also asserts alternative arguments attacking his predicate breaking and entering convictions, claiming that some of them were not in fact felonies and that those consolidated for sentencing constitute only one conviction under North Carolina law. There is no doubt, however, that he received sentences in excess of one year on at least six breaking and entering convictions. The crimes occurred on occasions different from one another and thus are each countable ACCA predicates.[2]

## III

For the reasons stated, the United States' Motion to Dismiss (ECF No. 51) is GRANTED and the defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 33) and the defendant's Amended and Supplemental Emergency Motion to Vacate Sentence and for Other Relief Under 28 U.S.C. § 2255 and *Johnson v. United States*, 135 S. Ct. 2551 (2015) (ECF No. 46) are DENIED.

---

[2]  For his consolidation argument, Ayun relies on *United States v. Davis*, 720 F.3d 215 (4th Cir. 2013). That case, however, involved the Career Offender definition in the U.S. Sentencing Guidelines Manual, a definition different from the ACCA and thus is not controlling. *United States v. Crudup*, 598 F. App'x 208, 209 (4th Cir. 2015) (unpublished) ("*Davis'* holding only applies to the career offender enhancement, not in the armed career criminal context."); *United States v. Benn*, 572 F. App'x 167, 181 (4th Cir. 2014) (unpublished) ("*Davis* . . . does not apply to the armed career criminal context.")

-6-

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). After reviewing the claims presented in light of the applicable standard, I find that a certificate of appealability is not warranted and it is DENIED.

It is so **ORDERED**.

ENTER: October 11, 2016

/s/ James P. Jones
United States District Judge